**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William L. CONRADI and William Holtkamp, Defendants-Appellants.**

**No. 15418.**

United States Court of Appeals
Sixth Circuit.
June 19, 1964.

Roger J. Henkener, Wapakoneta, Ohio, for appellants.

John G. Mattimoe, Toledo, Ohio (Merle M. McCurdy, U. S. Atty., Harland M. Britz, Asst. U. S. Atty., Toledo, Ohio, on the brief), for appellee.

Before WEICK, Chief Judge, PHILLIPS, Circuit Judge, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

Appellants were tried by the District Court without a jury and convicted on an indictment which charged them with conspiracy to file a false statement in an application for wool subsidy payments with the Auglaize County, Ohio, Agricultural and Stabilization Committee, knowing the statement to be false, in violation of Title 15 U.S.C. §§ 714m(a) and 714m(d). The alleged false statement, upon which they were convicted, consisted in the declaration that three sales of wool actually made in the marketing year of 1957 took place in the marketing year of 1958. Subsidy incentive payments, from the Commodity Credit Corporation, for the wool-marketing year of 1958, were higher than the subsidy payments of the prior wool-marketing year. The wool was actually delivered to the purchaser during the 1957 wool-marketing year. Mr. Conradi was fined the sum of $100; and Mr. Holtkamp was fined the sum of $300.

The District Court held that Mr. Conradi knew that if the wool was sold during the 1958 wool-marketing year, he would receive an additional 3 cents a pound over the prior year, and that he knew when he pursued the course of stating that the wool was sold in the 1958 wool-marketing year, instead of the 1957 wool-marketing year, he was placing himself in a position to qualify for payments on a scale to which he was not entitled. Mr. Holtkamp was an agent for a wool broker. He had previously been engaged in the business of raising wool and selling it. The course of action pursued by Mr. Conradi was undertaken under Mr. Holtkamp's direction. Mr. Holtkamp testified that the purchase of Mr. Conradi's wool was made during the wool-marketing year of 1957, but that the final payment was made during the wool-marketing year of 1958, and that final payment was delayed until the 1958 wool-marketing year because "we figured the incentive payment would be higher in 1958." The District Court was of the opinion that Mr. Holtkamp was employed by a man who did not profit from the deal, except indirectly, "in that he was currying the good will of these farmers and growers for their business in the future. Hence, he was willing that that course be undertaken, ultimately at the expense of the taxpayers, who, after all, are the people behind these incentive payments." The evidence shows that the price of the wool sold was 43 cents a pound, and that 40 cents a pound was paid during the wool-marketing year of 1957 and 3 cents a pound was paid during the wool-marketing year of 1958. The fact that the money paid in the wool-marketing year of 1958 was a comparatively small

556

amount is irrelevant. As the District Court said: "In order to preserve the integrity of those programs there must be honesty, and if the Court overlooked a matter such as we have here, where the parties themselves have agreed and said that the whole scheme was wrong, the Court would thereby be inviting this same thing to happen 100-fold over." Appellants contended that the judgment of conviction was not supported by substantial evidence, and that the District Court misinterpreted statements given by appellees to the Federal Bureau of Investigation.

Upon review of the record, we are satisfied that there was no reversible error, and that there was substantial evidence to support the conviction.

The judgment of the District Court is, accordingly, affirmed.